IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-322-BO

| | |
|---|---|
| WAYNE BURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 24]. A hearing on this matter was held in Edenton, North Carolina on April 26, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits under Title II of the Social Security Act on April 23, 2009. The plaintiff alleged a disability onset date of January 15, 2008. Plaintiff Wayne Burt allegedly suffers from a previously dislocated right shoulder, closed head injury, headaches, hypertension, cataracts/glaucoma, and back pain. His application for benefits was denied initially and upon reconsideration. Mr. Burt requested an administrative hearing and on February 26, 2010 such a hearing was held before an Administrative Law Judge (ALJ). A supplemental hearing was held on August 17, 2010 and on October 18, 2010 the ALJ denied the plaintiffs claim. The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied on April 19, 2012 making the ALJ's decision the final decision of the

1

Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff was 46 years-old at the time of the ALJ's decision. His work history includes work as a: quality control monitor, janitor, heavy equipment operator, pallet builder, stone blaster, dishwasher, and slab grinder. In addition to his work history, the plaintiff is able to perform many activities of daily living, including: preparing simple meals, washing the dishes, shopping, cleaning, paying bills, playing games, and socializing with family and friends.

Although plaintiff has a limited history of completing such physical activities, his academic record reflects that he struggled throughout school. The plaintiff submitted his academic records from Granville County. After repeating the first grade, he was able to progress through and complete the seventh grade with the aid of a special education program, but he dropped out of school in eighth grade. [Tr. 19, 63]. The plaintiff generally earned C's, D's, and F's while in school. Additionally, plaintiff scored a 31 and 32 on the Otis-Lennon School Ability Test. [Tr. 167]. These academic limitations impact the plaintiff's day-to-day life. For example, he has difficulty reading even the simplistic syntax, such as a grocery list, and he only drives in areas with which he is intimately familiar because street signs can be confusing to him. [Tr. 31-33]. Moreover, his extensive work history appears to have been possible only through the help of his brother who assisted him with reading and writing in his job applications and on the job itself. The VE's testimony that the claimant only worked in unskilled jobs was consistent with these observations.

These limitations corroborate the IQ score of 59 obtained by Social Security's consultative examiner, Dr. Christopher Ricci. [Tr. 326-29]. Although Dr. Ricci noted that the

2

plaintiff's alcohol use might have affected the score slightly he still found that the results of the test were valid and, as a result, he diagnosed Mr. Burt with mild mental retardation. [Tr. 326-29]. Given the evidence of such limitations throughout the record and Dr. Ricci's own satisfaction with the IQ test, this Court finds the IQ score of 59 to be sufficiently reliable.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual

3

functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step three that the claimant was not suffering from an impairment meeting the requirements of an impairment listed in the social security regulations. The listing at issue – 12.05C – is evaluated under a three-part assessment. The claimant must have a valid verbal, performance, or full-scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R., Part 404, Supt. P, Appendix 1 § 12.05C. Additionally, the claimant must have some deficits that manifested before age twenty-two. *Id.*

The Court finds that Dr. Ricci's evaluation of the claimant's IQ is valid and reliable. As such, the claimant clearly meets the first prong of the 12.05C listing. Second, the VE's testimony that the claimant only worked in unskilled jobs supports a finding that Mr. Burt suffered from significant work-related limitations. This is corroborated by the evidence that Mr. Burt received extensive work-related help from his family and found even the simplest directives – such as street signs – to be confusing at times. It is not dispositive to this analysis that the claimant has held jobs in the past. As other judges in this District have previously noted, Listing 12.05C presumes that some mentally retarded individuals will be able to work and, as such, a history of employment is irrelevant to whether the claimant subsequently became disabled due to the development of additional impairments. *See Shaw v. Astrue*, 2009 WL 2486932 *7 (E.D.N.C.

2009) (citation omitted). Finally, it is evident that Mr. Burt suffered from these limitations before he attained the age of twenty-two. His school performance, including his low scores on mental ability tests, is consistent with his current IQ score. For these reasons, the Court finds that claimant meets Listing 12.05C and is entitled to benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This /5 day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE